UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONEL POSTON,<br>        Plaintiff,<br>v.<br>M. ELIOT SPEARMAN,<br>        Defendant. | Case No. 18-cv-03450-CRB   (JSC)<br><br>**ORDER RE: MOTION FOR DISCOVERY**<br>Re: Dkt. No. 36 |

Donel Poston is currently serving a prison sentence of 72 years to life for murder, attempted murder, and unlawful possession of a firearm. In 2018, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Among other alleged errors, Poston asserts that the prosecutor failed to disclose material impeachment evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963). In particular, he contends the prosecutor failed to disclose that Lieutenant Tony Jones, who testified as an expert witness for the prosecution, had sent racist text messages to another officer.

The district court referred resolution of discovery to this magistrate judge. (Dkt. No. 38.) Now pending before the court is Poston's motion for discovery related to his *Brady* claim. (Dkt. No. 36.) Respondent opposes the motion (Dkt. No. 40), and Poston filed a reply. (Dkt. No. 42.) Upon review of the submissions, the Court concludes that oral argument is not necessary. *See* N.D. Cal. Civ. L.R. 7-1(b).

**PROCEDURAL BACKGROUND**

After briefing on Poston's habeas petition was complete, the district court issued an order regarding Poston's *Brady* claim. The district court observed that the prosecutor would have had no duty to disclose the racist test messages if the messages did not exist prior to Poston's

sentencing. (Dkt. No. 35 at 2.) The court then stated that it "presently lacks enough information about the text messages and the evidentiary record . . . to make a conclusive finding regarding the timing of the text messages." (*Id.*) The district court therefore ordered as follows:

> Therefore, the Court orders Respondent's counsel to obtain and provide to Poston's habeas counsel evidence relevant to when the prosecution discovered, or had a duty to discover, the specific text messages at issue in the internal investigation mentioned in the June 2016 article and report. *See Martinez*, 926 F.3d at 1228. Counsel for Respondent must do so within 21 days of the date of this order. The parties may then submit supplemental briefs—not to exceed five pages—addressing the question whether the prosecution had a duty to disclose the text messages. The page limitation does not apply to exhibits, which the parties may attach. The parties must submit these supplemental briefs and any accompanying exhibits within 35 days of the date of this order.

(Dkt. No. 35 at 2.)

Before the supplemental briefs were due, Poston served Respondent (and filed with the Court) a Rule 34 request for production of documents. (Dkt. No. 36.) In particular, Poston seeks:

> 1. Any documents or records pertaining to racist, racially biased, or racially charged text messages sent by Lieutenant Jones to other officers;
>
> 2. Any documents or records pertaining to any internal investigation of Lieutenant Jones related to racist, racially biased, or racially charged text messages sent by Lieutenant Jones to other officers;
>
> 3. Any documents or records pertaining to any officer or citizen complaints against Lieutenant Jones related to racist, racially biased, or racially charged behavior or communications with anyone;
>
> 4. Any documents or records pertaining to any internal investigation of Lieutenant Jones related to racist, racially biased, or racially charged behavior or communications with anyone.
>
> 5. Any documents or records pertaining to lawsuits involving Lieutenant Jones related to racist, racially biased, or racially charged behavior or communications with anyone.

(*Id.*) The district court then signed the parties' stipulation continuing the supplemental briefing pending resolution of Poston's discovery request, and referred discovery disputes to this Court for resolution. (Dkt. Nos. 38, 39.) Respondent subsequently filed an opposition to Poston's discovery request (Dkt. No. 40), and Poston a reply, (Dkt. No. 41).

**DISCUSSION**

Respondent's opposition establishes that the prosecution was not aware of any racist text messages before Poston was sentenced. *See Martinez v. Ryan*, 926 F.3d 1215, 1228 (9th Cir. 2019), cert. denied sub nom. *Martinez v. Shinn*, 140 S. Ct. 2771 (2020). Respondent therefore contends that no discovery is warranted. Not quite.

As Poston argues in his Reply, even if the prosecution was not aware of any racist text messages, the government—through Lieutenant Jones—would have been aware of his racist text messages if any existed prior to Poston's sentencing. As the Ninth Circuit has explained:

> Exculpatory evidence cannot be kept out of the hands of the defense just because the prosecutor does not have it, where an investigating agency does. That would undermine *Brady* by allowing the investigating agency to prevent production by keeping a report out of the prosecutor's hands until the agency decided the prosecutor ought to have it, and by allowing the prosecutor to tell the investigators not to give him certain materials unless he asked for them.

*United States v. Blanco*, 392 F.3d 382, 388 (9th Cir. 2004) (internal quotation marks and citation omitted); *see also Youngblood v. West Virginia*, 547 U.S. 867, 869-70 (2006) (per curiam) ("*Brady* suppression occurs when the government fails to turn over even evidence that is known only to police investigators and not to the prosecutor"); *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.").

Arguably, then, Lieutenant Jones—a testifying expert witness on the prosecution's behalf—had an obligation to disclose his own racist text messages to the extent they existed prior to March 2014. As Respondent's submission does not establish that no such text messages existed, Respondent is directed to investigate whether the Oakland Police Department has evidence of Lieutenant Jones sending any racist text messages prior to Poston's sentencing. Such evidence may be in Lieutenant Jones' personnel file or in the records of the investigations into Lieutenant Jones. If evidence of text messages prior to Poston's sentencing is found, it shall be produced. To be clear, the question is not whether the District Attorney was aware of any text messages prior to sentencing; the question is whether there is evidence that the texts exist, even if

3

they were not discovered by anyone (other than Lieutenant Jones) prior to Poston's sentencing.

Respondent's insistence that racist text messages, if any, are not material even if created before Poston's sentencing ignores the district court's order. The district court specifically stated that it did not have enough information about *the timing of the text messages.* Specifically:

> That would mean the prosecutors here did not have any duty to disclose information relating to the text messages because the text messages did not exist until after Poston was sentenced. But the court presently lacks enough information about the text messages and the evidentiary record in Torrence to make a conclusive finding regarding the timing of the text messages.

(Dkt. No. 35 at 2.) This Court's Order requiring Respondent to produce any text messages that were sent prior to Poston's sentencing is consistent with the district court order and Lieutenant Jones' potential *Brady* obligations.

## CONCLUSION

For the reasons explained above, within 21 days of the date of this Order Respondent shall produce to Poston evidence, if any, of any arguably racist text messages that were created before Poston's sentencing. The Court is not ordering any other discovery as Poston has not demonstrated any basis for a good faith belief that the discovery sought exists.

This Order disposes of Docket No. 36.

**IT IS SO ORDERED.**

Dated: September 28, 2021

                                                                               _____
                                                                               JACQUELINE SCOTT CORLEY
                                                                               United States Magistrate Judge