RANDI COVIN
Cal. State Bar No. 168422
P.O. Box 13158
Olympia, WA. 98508-3158
Telephone: (360) 489-0143
Email: rcovin13@gmail.com

Attorney for Petitioner
DONEL POSTON

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONEL POSTON,<br><br>Petitioner,<br><br>v.<br><br>M. ELIOT SPEARMAN, WARDEN,<br><br>Respondent. | **No. 3:18-cv-03450-CRB (PR)**<br><br>**SUPPLEMENTAL BRIEF REGARDING BRADY CLAIM** |

Pursuant to this Court's order of September 9, 2021, Poston submits this Supplemental Brief Regarding *Brady* Claim - Claim XIII. Dkt. 41; see also *Brady v. Maryland*, 373 U.S. 83 (1963).

After Poston filed his Traverse, this Court issued an order for discovery and supplemental briefing, requiring respondent's counsel to "obtain and provide to Poston's habeas counsel evidence relevant to when the prosecution discovered, or had a duty to discover, the specific text messages at issue in the internal

investigation" discussed in news articles Poston submitted in support of his *Brady* claim. Dkt. 41.

Respondent's counsel provided Poston's counsel with ten responsive documents showing that one or two racist text messages were sent after the end of Poston's trial. Poston's counsel filed a discovery motion and respondent's counsel filed objections, attaching the ten, previously-disclosed documents as exhibits. The case was referred to Magistrate Judge Jacqueline Scott Corley for discovery.

After Poston's counsel filed a Reply, Judge Corley ordered respondent to provide additional evidence, "if any, of any arguably racist text messages that were created before Poston's sentencing. Dkt. 43. Respondent's counsel served a subpoena to produce documents on the Oakland Police Department and subsequently provided Poston's counsel with certifications from the custodians of records for the OPD Internal Affairs and Human Resources Departments that no responsive documents were found. See attached Exhs. A, B, and C.

Absent any new evidence to be discovered, the unsworn certifications seem to establish that Lieutenant Jones did not send any racist text messages prior to the end of Poston's trial. Although any racial bias harbored by Lieutenant Jones near the time of Poston's trial is logically relevant to his credibility or lack of credibility as an expert witness, Poston acknowledges that the prosecutor's disclosure duty under *Brady* is generally limited to evidence in existence before sentencing. See *Martinez v. Ryan*, 926 F.3d 1215, 1228 (9th Cir. 2019); *United States v. Lord*, 710 F.Supp. 615, 619 (E.D.Va. 1989).

DATED: October 21, 2021 /s/ Randi Covin

Attorney for Petitioner
DONEL POSTON

DECLARATION OF SERVICE

I, Randi Covin, declare that I am over 18 years of age and not a party to this action. My business address is P.O. Box 13158, Olympia, Washington 98508-3158. I hereby certify that, on October 21, 2021, I electronically filed the following document with the Clerk of the Court by using the CM/ECF system:

**SUPPLEMENTAL BRIEF REGARDING BRADY CLAIM**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on October 21, 2021, at Olympia, Washington.

s/ Randi Covin